# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

|  |  |
|---|---|
| TEXAS DEMOCRATIC PARTY; DSCC; and DCCC, | |
| *Plaintiffs*, | |
| v. | CIVIL ACTION NO. 5:20-cv-00008-OLG |
| RUTH R. HUGHS, in her official capacity as the Texas Secretary of State, | |
| *Defendant*. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF MOTION TO DISMISS

The Secretary notifies the Court of a recent decision from the U.S. Court of Appeals for the Eleventh Circuit. In *Jacobson v. Florida Secretary of State*, the court rejected the same arguments Plaintiffs raise in opposition to the Secretary's motion to dismiss. *See* No. 19-14552, — F.3d —, 2020 WL 2049076, at *9 (11th Cir. Apr. 29, 2020). Indeed, *Jacobson* is highly similar to this case. It involved some of the same Plaintiffs and counsel.

*Jacobson* is especially relevant to three issues in this case.

**Causation and Redressability:** The Eleventh Circuit held that the plaintiffs "lack[ed] standing because any injury would be neither traceable to the Secretary nor redressable by relief against her." *Jacobson*, 2020 WL 2049076, at *9; *see also* ECF 13 at 5. The court expressly rejected the argument that "the Secretary's position as 'the chief election officer'" made any difference. *Id.* at *10; *see* ECF 17 at 5 (arguing the same). Trying to influence non-party local officials through a suit against the Secretary would not solve that jurisdictional problem. *See Jacobson*, 2020 WL 2049076, at *10–11. The Eleventh Circuit's analysis applies fully to this case as the decision on whether a registration application is accepted or rejected depends on the actions of local voter registrars, who are independent officials

not subject to the Secretary's control. One of the Eleventh Circuit judges even determined that "Florida's Secretary of State enjoys the same powers and responsibilities as the Texas Secretary." *Jacobson*, 2020 WL 2049076, at *31 (Pryor, J., J., concurring in part and dissenting in part).

**Injury in Fact (Associational Standing):** The Eleventh Circuit held that the political groups in *Jacobson* could not rely on associational standing when they "failed to even allege, much less prove, that they have *any* members." *Jacobson*, 2020 WL 2049076, at *7; *see* ECF 13 at 6. To the extent one political group claimed to have members, the group could not benefit from associational standing because it "failed to identify any of its members, much less one who will be injured" by the state's actions. *See Jacobson*, 2020 WL 2049076, at *7; ECF 13 at 7.

**Injury in Fact (Organizational Standing):** The Eleventh Circuit further held that the political groups in *Jacobson* failed to qualify for organizational standing because they had not established what they "would divert resources away *from* in order to spend additional resources on combatting" the state's challenged action. *Jacobson*, 2020 WL 2049076, at *9; *see* ECF 13 at 10–11 (making the same argument). The court therefore could not determine "what activities, if any, might be impaired by the Committee's decision to allocate 'additional resources.'" *Jacobson*, 2020 WL 2049076, at *9. In addition, the political groups had asserted that Florida's statute harmed their "mission of electing Democrats," but such an alleged harm was "not a cognizable injury." *Id.* Not only had the *Jacobson* plaintiffs failed to allege that "a particular candidate's prospects in a future election will be harmed," but "an organization's general interest in its preferred candidates winning as many elections as possible is still a 'generalized partisan preference[]' that federal courts are 'not responsible for vindicating.'" *Id.* (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018)); *see* ECF 17 at 8 (arguing that frustration of Plaintiffs' mission is an "abstract concern that does not impart standing"). The Eleventh Circuit's reasoning is particularly applicable here because Plaintiffs also rely on a "mission of electing Democrats," ECF 12 ¶ 10, and have not plausibly alleged that § 13.002 disadvantages Democratic

candidates, much less that it will affect any particular candidate in any particular election. *Jacobson*, 2020 WL 2049076, at *9; *see* ECF 17 at 8.

*     *     *

For these reasons and the reasons included in her previous briefing, the Secretary respectfully requests that the Court dismiss Plaintiffs' Amended Complaint.

Date: May 14, 2020

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

Respectfully submitted.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Associate Deputy for Special Litigation

WILLIAM T. THOMPSON
Special Counsel

KATHLEEN T. HUNKER
Special Counsel

CORY A. SCANLON
Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
kathleen.hunker@oag.texas.gov
cory.scanlon@oag.texas.gov

**COUNSEL FOR THE TEXAS SECRETARY OF STATE**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 14, 2020, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN