IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY; DSCC; DCCC, § § § Plaintiffs § § vs. § § RUTH R. HUGHS, in her official capacity as § the Texas Secretary of State, § § Defendant. § § | | Civil Action No. 5:20-cv-00008-OLG<br><br>Related to *Stringer v. Cascos*, No. 5:16-cv-00257-OLG |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

The Sixth Circuit's decision in *Thompson v. Dewine*, No. 20-3526, 2020 WL 2702483 (6th Cir. May 26, 2020), lends no support to the Secretary's motion to dismiss.

As a threshold matter, *Thompson* is not a decision on a motion to dismiss. Rather, the Sixth Circuit granted the defendants' motion to stay, pending appeal, the district court's order preliminarily enjoining the enforcement of certain rules governing the process for proposing ballot initiatives. *Id.* at *1. Neither the trial court nor the Sixth Circuit found that the plaintiffs failed to state a claim for relief.

The Sixth Circuit's reasoning in staying the preliminary injunction order is also inapplicable here. The court found that requiring the plaintiffs to secure signatures in support of ballot initiatives within a certain amount of time before the election burdened petition circulators' First Amendment rights. *Id.* at *4. While, in the court's view, that burden was outweighed by the state's fraud-prevention interest, the Secretary cannot simply transfer the Sixth Circuit's burden analysis—which focused on the effect of Ohio's stay-at-home order and ballot-initiative regulations on signature gathering efforts—to this case, nor can the Secretary advance the same

fraud prevention interests. For one, the wet signature rule was only recently invented by the Secretary, but is not expressed anywhere in Texas's Election Code, which, by the Secretary's own admission in separate litigation, not only permits but also *requires* (for the purpose of simultaneous voter registration at state agencies under the National Voter Registration Act), the acceptance of "an image of [the voter's] signature." Defs.' Reply Brief in Supp. of Mot. to Dismiss at 6 (citing Tex. Admin. Code 81.58 ("[A] voter's signature may be captured by an electronic device for the signature roster. An 'Electronic Signature' is defined as a digitized image of a handwritten signature.")), *Stringer v. Pablos*, 274 F. Supp. 3d 588 (W.D. Tex. 2017), ECF No. 12; *see also* Defs.' Responses to Request for Admins. at 103, 115, *Stringer*, No. 16-CV-257, ECF No. 77-1 (admitting that individuals are registered to vote in connection with their interactions with DPS when "they submit an image of their signature, either by submitting a signed application by mail, or providing an electronic image of their physical signature").

Unlike the defendants in *Thompson*, Texas election officials do not use the signature on voter registration applications for any purpose. *See* Dep. of Keith Ingram at 50:7-10, *Stringer*, No. 16-CV-257, ECF No. 77-1. And given that the State itself accepts digital images of signatures for its own voter registration activities, the Secretary cannot advance any permissible justification for imposing a wet signature rule that is not codified, serves no election administration or fraud-prevention interest, and is not even followed by the State—all of which differentiates the *Anderson-Burdick* test to be applied in this case from the Sixth Circuit's analysis in *Thompson*.

| | |
|---|---|
| Dated: June 10, 2020 | Respectfully submitted, |

/s/ *Uzoma Nkwonta*

| | |
|---|---|
| Chad W. Dunn<br>TX State Bar No. 24036507<br>Brazil & Dunn, LLP<br>4407 Bee Caves Road, Suite 111<br>Austin, Texas 78746<br>Telephone: (512) 717-9822<br>Facsimile: (512) 515-9355<br>chad@brazilanddunn.com<br><br>*Counsel for Plaintiff Texas Democratic Party* | Marc E. Elias*<br>Uzoma Nkwonta*<br>Emily Brailey*<br>Stephanie Command*<br>PERKINS COIE LLP<br>700 Thirteenth St., N.W., Suite 600<br>Washington, D.C. 20005-3960<br>Telephone: (202) 654-6200<br>Facsimile: (202) 654-9959<br>melias@perkinscoie.com<br>unkwonta@perkinscoie.com<br>ebrailey@perkinscoie.com<br>scommand@perkinscoie.com<br><br>Skyler M. Howton<br>TX State Bar No. 24077907<br>PERKINS COIE LLP<br>500 N. Akard St., Suite 3300<br>Dallas, TX 75201<br>Telephone: (214) 965-7700<br>Facsimile: (214) 965-7799<br>showton@perkinscoie.com<br><br>*Counsel for the Plaintiffs*<br><br>*Admitted Pro Hac Vice |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2020, I electronically served the foregoing via ECF on all counsel of record.

/s/ *Uzoma Nkwonta*
Uzoma Nkwonta