UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS DEMOCRATIC PARTY, DSCC, and DCCC<br><br>Plaintiffs<br><br>v.<br><br>RUTH R. HUGHS, in her official capacity as Texas Secretary of State<br><br>Defendant | CIVIL NO. SA-20-CV-08-OG |

# ORDER

Pending before the Court is Defendant's motion for extension of time to file a response to Plaintiffs' motion for preliminary injunction. Docket no. 27. Plaintiffs have filed a response to the motion for extension. Docket no. 28. Plaintiffs' motion for preliminary injunction was filed on July 23, 2020. Defendant seeks an extension until the end of September or the beginning of October – when, Defendant asserts, it will be "too late in the election calendar to issue a preliminary injunction." *Id.* at p. 5. It is unclear whether Defendant simply needs more time to formulate a cogent response or is attempting to delay until she will argue it "is too late." *Id.* The Court will assume it is the former, not the latter, and consider the request. However, the current motion contains several misrepresentations and accusations that are troubling.

First, Defendant misrepresents the true nature of the claims and the relief being sought herein. The Secretary asserts that Plaintiffs seek to "immediately enjoin the requirement that Texans sign their voter registration"; "impose wide-ranging changes on Texas's election system"; and "implement new programs and fundamentally alter the [voter registration process]." Docket no. 27, pp. 1, 6. These statements are false. In fact, the challenge is quite narrow and

1

straightforward: Plaintiffs are challenging the Secretary's recently invented wet ink signature rule as a violation of federal law.

In claiming undue delay by Plaintiffs, the Secretary further asserts that Plaintiffs are "challenging a provision that has been in place for years." Docket no. 27, p.1. Again, there is no indication the Secretary's wet signature rule has been in place for years. According to Plaintiffs, the wet signature rule was imposed a mere five days before the registration deadline for the 2018 election. The rule is clearly contrary to the Secretary's routine practice of using digital/electronic/imaged/faxed signatures for voter registration and much more restrictive than the codified signature requirement that makes no mention of an original wet ink signature.

The Secretary also accuses Plaintiffs of waiting to file a preliminary injunction motion until after a ruling on the Secretary's motion to dismiss. Had Plaintiffs not waited, Defendant would have argued that the preliminary injunction motion was premature and the Court would need to address (at the minimum) the jurisdictional issues before considering any injunctive relief. The Court has now addressed those issues, which the Secretary raised, and those issues have been resolved.

The Secretary also implies that Plaintiffs had a duty to share their preliminary injunction evidence with Defendant before filing their motion. They did not. The wet signature rule was raised by the Secretary in *Stringer I* as an excuse for noncompliance with the NVRA. Thus, the Secretary and her counsel should be well-versed on the issue and could have used the last seven months to prepare their defense. There is no "improper tactical advantage."

These are only a few of misrepresentations and accusations in the motion, when a simple request for additional time and limited discovery would have sufficed. Thus, while the Court would normally deny such a motion, time is of the essence. There is no guarantee that the preliminary injunction motion will be fully resolved before the voter registration deadline for the

general election, but any delay should be avoided if at all possible. The Court is concerned, however, that discovery may not be helpful given the Secretary's unwillingness to even acknowledge the nature of the claims that have been raised herein.[1]

It is therefore ORDERED that Defendant's motion for extension of time to file a response to Plaintiffs' motion for preliminary injunction (docket no. 27) is conditionally granted, but will be reconsidered after reviewing a supplemental advisory from the Secretary explaining (1) her good faith interpretation of the nature of the claims stated in the current complaint and the motion for preliminary injunction; (2) her defenses thereto (which should also be contained in her forthcoming answer); (3) the fact issues relating to the preliminary injunction that require discovery; (4) the specific discovery she wants to conduct; and (5) a proposed schedule to accomplish limited discovery and briefing on the preliminary injunction issues. Such advisory must be filed within three business days from the date below, and Plaintiffs may file a response with their own proposed schedule within three days thereafter. If the Court determines that discovery will not assist the Court in resolving the issues raised in the motion, the deadline for the response will likely be within ten days thereafter. If the Secretary shows an understanding of the issues and it appears discovery will be helpful in resolving the issues, the deadline will allow sufficient time for discovery.

SIGNED this 28th day of July, 2020.

ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE

---

[1] Currently, there appears to be a complete disconnect on the issues before the Court. Defendant may, of course, dispute Plaintiffs' claims but trying (repeatedly) to rewrite the opposing party's claims to mislead the Court borders on bad faith and may result in Rule 11 sanctions. Time will not be wasted on briefing and discovery that does not address the issues at hand, nor will the Court waste time ruling on objections to the "relevancy" of discovery. Thus, an understanding on the issues up front is required before any further extension for discovery or briefing is permitted.