IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| TEXAS DEMOCRATIC PARTY; DSCC; and DCCC, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUTH R. HUGHS, in her official capacity as the Texas Secretary of State, <br><br> *Defendant.* | CIVIL ACTION NO. 5:20-cv-00008-OLG |

## DEFENDANT RUTH R. HUGHS'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE ORLANDO L. GARCIA:

Defendant Ruth R. Hughs, in her official capacity as the Texas Secretary of State ("Defendant"), respectfully files her Answer and Defenses to Plaintiff's Second Amended Complaint ("Second Amended Complaint"), which was filed on July 23, 2020.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Second Amended Complaint, except for those expressly admitted below. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Second Amended Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained therein.

Defendant responds to the specifically numbered allegations of the Second Amended Complaint as follows:

NATURE OF THE ACTION

1.     Defendant admits that the Secretary of State's office issued a press release on October 4, 2018, providing information regarding how to register to vote. Defendant denies that the press release "instructed county registrars to reject over 2,400 voter registration applications." Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant denies Plaintiffs' characterization of the press release and contends that the press release speaks for itself. Defendant admits that Texas Election Code § 13.002(a) states, "A person desiring to register to vote must submit an application to the registrar of the county in which the person resides. Except as provided by Subsection (e), an application must be submitted by personal delivery, by mail, or by telephonic facsimile machine in accordance with Sections 13.143(d) and (d-2)." The remaining allegations in Paragraph 1 contain assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

2.     Defendant denies that "[t]he decision to reject these applications . . . misapplies the Texas Election Code" or "contradicts" the use of "electronic signatures" in other contexts. Defendant admits that a voter may apply to register to vote at an office of the Texas Department of Public Safety in conjunction with the voter's driver license application, a process that is not equivalent to the procedure that Plaintiffs propose here. The remaining allegations in Paragraph 2 contain assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

3.     Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 3 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the

allegations contained in Paragraph 3, and on that basis denies these allegations in their entirety.

4. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 4 contains Plaintiffs' recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

## JURISDICTION AND VENUE

5. Paragraph 5 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant admits that Plaintiffs claim to have alleged violations of 52 U.S.C. § 10101 and 42 U.S.C. § 1983. Defendant denies that any violation of law has occurred and denies that Plaintiffs have otherwise demonstrated this Court's subject matter jurisdiction over any claims asserted in this action.

6. Paragraph 6 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. Defendant denies that any violation of law has occurred.

7. Paragraph 7 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. Defendant denies that any violation of law has occurred or that Plaintiffs have otherwise demonstrated this Court's subject matter jurisdiction over any claims asserted in this action.

## PARTIES

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 8 regarding the Texas Democratic Party, and on that basis denies those allegations in their entirety. Defendant denies that her "directives and opinions" are

always "enforceable." Defendant denies that "[c]ounty election officials in Texas" always "follow the Secretary's directives regarding election law."

9. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 9 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 9, and on that basis denies these allegations in their entirety.

10. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 10 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 10, and on that basis denies these allegations in their entirety.

11. Paragraph 11 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 11, and on that basis denies these allegations in their entirety.

12. Paragraph 12 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 12, and on that basis denies these allegations in their entirety.

13. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 13 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a

response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 13, and on that basis denies these allegations in their entirety.

14. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 14 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

15. Defendant admits that Ruth R. Hughs is the Texas Secretary of State and that she is sued in her official capacity. Defendant admits that the cited provisions relate to her role in Texas's elections. Defendant denies Plaintiffs' characterizations of those statutes.

GENERAL ALLEGATIONS

16. Defendant admits that a prospective voter may submit an application to register to vote in person, by mail, or through facsimile and that a voter who applies through facsimile must then mail the application to the county registrar. The remainder of Paragraph 16 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any other allegations requiring a response, Defendant denies the remainder of the allegations.

17. Paragraph 17 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 17, and on that basis denies these allegations in their entirety.

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that between September and October 2018 "2400 voters in Texas used the smartphone app to complete their registration applications," and on that basis denies the allegation in its entirety. Defendant denies that the referenced signatures complied with the requirements of Texas Election Code Section 13.002. Defendant admits that the Secretary of State's office issued a press

release on October 4, 2018, providing information regarding how to register to vote. Defendant denies Plaintiffs' characterization of the October 4, 2018, press release. Paragraph 18 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any additional allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 18, and on that basis denies these allegations in their entirety.

19. Defendant denies the first sentence in Paragraph 19. Defendant denies that the October 4, 2018, press release promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant lacks sufficient knowledge or information to form a belief about the truth of the other allegations contained in Paragraph 19, and on that basis denies these allegations in their entirety.

20. Defendant admits that county registrars are responsible for processing voter registration applications. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Regarding Plaintiffs' contention that "neither Texas law nor the Secretary's interpretation sets forth any standards that would inform a registrar's signature analysis, and the Secretary has admitted that election officials are not expected to, and typically do not analyze or compare wet signatures," Defendant denies this allegation and refers Plaintiffs to Texas Election Code Section 13.002, which requires that a registration application "must be in writing and signed by the applicant." Paragraph 20 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any additional allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of cited cases, Defendant denies those characterizations and contends that the cases speak for themselves. Defendant denies that the registration process at issue in those cases is the equivalent to the process that Plaintiffs propose in this case.

21. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 21 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them on the ground that the cited statutes and Texas Administrative Code provisions do not apply to Plaintiffs' claims.

22. Defendant denies that the "State" is responsible for processing voter registration applications. Defendant denies that the registration applications cited by Plaintiffs were signed for the purposes of the Texas Election Code. Defendant denies that all electronic signatures would comply with the signature requirement in the Texas Election Code. Paragraph 22 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. Defendant does not deny that in a separate lawsuit, involving entirely distinct facts and law, that the Court's order contains the language attributed to the Court, but avers that the case is highly distinguishable and not determinative regarding the issues presented in this case. Defendant denies that the registration process at issue in that case is equivalent to the process that Plaintiffs propose in this case.

23. Defendant admits that a voter may register to vote at an office of the Texas Department of Public Safety in conjunction with the voter's driver license renewal, a process that is not equivalent to the procedure that Plaintiffs propose here. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 23 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any additional allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of a cited case, Defendant denies those characterizations and contends that the case speaks for itself. Defendant denies that the registration process at issue in that case is equivalent to the process that Plaintiffs propose in this case.

24. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 24 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

25. Defendant denies that Texas election officials unlawfully rejected applications received from the organization running the smartphone "app" referenced in Plaintiffs' Second Amended Complaint. Paragraph 25 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

## **CLAIMS FOR RELIEF**

### COUNT I

26. Defendant repeats and reaffirms her answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant denies that a signature is "immaterial to determining whether an elector is qualified to vote." Defendant denies that the "State" is responsible for processing voter registration applications. Defendant denies that all electronic signatures would comply with the signature requirement in the Texas Election Code. Paragraph 28 contains additional assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any additional allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of the cited case, Defendant denies those characterizations and contends that the case speaks for itself. Defendant denies that the registration process at issue in that case is the equivalent to the process that Plaintiffs propose in this case.

Defendant denies that the cited Texas Administrative Code provision has any applicability to the registration application process that Plaintiffs seek in this case.

29. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant denies that Texas election officials arbitrarily rejected applications received from the organization running the smartphone "app" referenced in Plaintiffs' Second Amended Complaint. Paragraph 29 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

30. Paragraph 30 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

## COUNT II

31. Defendant repeats and reaffirms her answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

32. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant denies the allegations that are based on the premise of the existence of a "wet signature rule." Paragraph 32 contains additional assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

33. Paragraph 33 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of the cited case, Defendant denies those characterizations and contends that the case speaks for itself.

34. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant denies the allegations that are based on the premise of the existence of a "wet signature rule." Paragraph 34 contains additional assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any additional allegations requiring a response, Defendant denies these allegations in their entirety.

## COUNT III

35. Defendant repeats and reaffirms her answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

36. Paragraph 36 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of cited cases, Defendant denies those characterizations and contends that the cases speak for themselves.

37. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Defendant deny the allegations that are based on the premise of the existence of a "wet signature rule." Paragraph 37 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

38. Paragraph 38 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

39. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 39 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs'

characterizations of the cited case, Defendant denies those characterizations and contends that the case speaks for itself. Defendant denies that the registration process at issue in that case is the equivalent to the process that Plaintiffs propose in this case.

40. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 40 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

## COUNT IV

41. Defendant repeats and reaffirms her answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

42. Paragraph 42 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of cited cases, Defendant denies those characterizations and contends that the cases speak for themselves.

43. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 43 contains assertions of law, conclusory statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies them. To the extent that this Paragraph contains Plaintiffs' characterizations of the cited case, Defendant denies those characterizations and contends that the case speaks for itself. Defendant denies that the registration process at issue in that case is the equivalent to the process that Plaintiffs propose in this case.

44. Defendant denies that she has promulgated a "wet signature rule" independent from the terms of Texas Election Code Section 13.002. Paragraph 44 contains assertions of law, conclusory

statements, and/or argument. To the extent that this Paragraph contains any allegations requiring a response, Defendant denies these allegations in their entirety.

PRAYER FOR RELIEF

Paragraphs a–h of this section contain Plaintiffs' recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument. To the extent that Paragraphs a–h contain any allegations requiring a response, Defendant denies those allegations in their entirety. Defendant further denies that Plaintiffs are entitled to any relief from this Court.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Defendant asserts the defense of Eleventh Amendment immunity to all claims.

2. Defendant asserts that the Court lacks subject-matter jurisdiction over Plaintiffs' claims.

3. Defendant asserts that Plaintiffs lack standing (Article III, statutory, and prudential) to pursue any of the claims asserted in this action.

4. Defendant asserts that Plaintiffs have failed to state a claim upon which relief can be granted.

5. Defendant asserts that Plaintiffs lack a private cause of action to bring Count I.

6. Defendant asserts that the Court should abstain from deciding this case under principles of federalism and comity, including the principles explained in *Railroad Commission of Texas v. Pullman*, 312 U.S. 496 (1941).

7. Defendant asserts that laches bars Plaintiffs' request for relief because Plaintiffs inexcusably waited to file suit and seek relief. This inexcusable delay has prejudiced Defendant, the State of Texas, and Texans.

8. Defendant asserts that Plaintiffs' claims fail because of claim preclusion and issue preclusion.

9. Defendant reserves the right to amend these defenses or raise additional defenses as they become known to Defendant during the development of this case.

## **DEFENDANT'S PRAYER**

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief the Court deems appropriate.

| | |
|---|---|
| Date: August 3, 2020 | Respectfully submitted. |
| | |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| JEFFREY C. MATEER<br>First Assistant Attorney General | TODD LAWRENCE DISHER<br>Deputy Chief, Special Litigation Unit |
| RYAN L. BANGERT<br>Deputy First Assistant Attorney General | WILLIAM T. THOMPSON<br>Special Counsel |
| | KATHLEEN T. HUNKER<br>Special Counsel |
| | CORY A. SCANLON<br>Assistant Attorney General |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>patrick.sweeten@oag.texas.gov<br>todd.disher@oag.texas.gov<br>will.thompson@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>cory.scanlon@oag.texas.gov |
| | **COUNSEL FOR THE TEXAS SECRETARY OF STATE** |

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 3, 2020, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN