**FILED**
August 24, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____JU_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS DEMOCRATIC PARTY, DSCC, and DCCC <br><br> Plaintiffs <br><br> v. <br><br> RUTH R. HUGHS, in her official capacity as Texas Secretary of State <br><br> Defendant | ) ) ) ) ) ) ) ) CIVIL NO. SA-20-CV-08-OG ) ) ) ) ) ) |

## ORDER

On July 24, 2020, the Court denied the Secretary's motion to dismiss based on well-settled law. Docket no. 24.[1] On August 14, 2020, six days before the Secretary's extended deadline to respond to Plaintiffs' motion for preliminary injunction, the Secretary appealed the Court's order to the Fifth Circuit. Docket no. 36. Plaintiffs are seeking injunctive relief prior to the upcoming general election. *See* docket no. 35. Although the Court has not yet determined the merit of Plaintiffs' request, the timing of the Secretary's interlocutory appeal will likely make any requested preliminary injunctive relief impossible.

On appeal, the Secretary seeks the Fifth Circuit's opinion on "whether, and if so to what extent, *Ex parte Young*'s exception to sovereign immunity permits a lawsuit against the Texas Secretary of State raising an as-applied challenge to a law enforced by local officials." Docket

---

[1] At the time of this Court's ruling, the Fifth Circuit had not yet ruled on the issue of sovereign immunity in *Green Valley SUD v. City of Schertz*, 2020 WL 4557844 (5th Cir. Aug. 7, 2020) (en banc). However, that decision does not help the Secretary.

1

no. 38. To be clear, this lawsuit does not involve local officials and the Court has not interpreted Plaintiffs' claims to be an "as applied" challenge to sections 13.002(a) and 13.143(d-2) of the Texas Election Code. *See* docket no. 24. To the extent the Secretary's wet signature rule is based on "*her* interpretation of the Texas Election Code," as she alleges, the claims in the lawsuit may be resolved on a facial challenge. *See* docket no. 30 ("The most the Secretary has done is share her interpretation of the Texas Election Code."). As the Secretary acknowledges, "the facial invalidity of a Texas election statute is, without question, fairly traceable to and redressable by the State itself and its Secretary of State, who serves as the 'chief election officer of the state.'" Docket no. 38 (quoting *OCA-Greater Houston v. Texas*, 867 F.3d 604, 613 (5th Cir. 2017)). Thus, as previously noted, it is this Court's opinion that the Secretary's sovereign immunity arguments are a nonstarter. Docket no. 24.

Plaintiffs have requested that this Court certify the Secretary's appeal as frivolous. As a general rule, "a notice of appeal . . . [gives] the appellate court sole jurisdiction and divest[s] the trial court of jurisdiction to proceed with the case." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398 (5th Cir. 2017) (quoting *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)). In *Dunbar*, the Fifth Circuit outlined an exception to this general rule in the context of interlocutory appeals of double jeopardy: district courts may maintain jurisdiction if they certify that the appeal is frivolous. *Dunbar*, 611 F.2d at 988. In *BancPass*, the Fifth Circuit extended the availability of this exception to denials of immunity in civil cases, such as here, noting that other circuits had found it proper when a "disposition is so plainly correct that nothing can be said on the other side." 863 F.3d at 399 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). The Fifth Circuit further noted that the "rule is a *permissive* one, the

2

district court *may* keep jurisdiction, but is not required to do so . . . [and] '[s]uch a power must be used with restraint.'" *Id.* (quoting *Apostol*, 870 F.2d at 1339).

Given this permissive standard, and out of deference to the Fifth Circuit, the Court declines to exercise jurisdiction while this matter is on appeal. Plaintiffs may, of course, make the same arguments regarding the frivolous nature of the Secretary's appeal to the Fifth Circuit. Assuming the Fifth Circuit finds that this Court has jurisdiction, all prior deadlines will resume without interruption.[2]

SIGNED this 24 day of August, 2020.

_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE

---

[2] Because the Secretary filed her notice of appeal six days prior to her deadline to file a response to the pending motion for preliminary injunction, her response will be due within six days after a ruling by the Fifth Circuit, assuming the Fifth Circuit finds that jurisdiction exists.