FILED
SEP - 9 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 9, 2020
Lyle W. Cayce
Clerk

No. 20-50667

TEXAS DEMOCRATIC PARTY; DEMOCRATIC SENATORIAL
CAMPAIGN COMMITTEE; DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE,

*Plaintiffs—Appellees,*

*versus*

RUTH R. HUGHS,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-8-OLG

---

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges.*
PER CURIAM:

  Plaintiffs sued the Texas Secretary of State Ruth Hughs under 42 U.S.C. § 1983 for allegedly imposing a voter-registration requirement that violates federal law. The Secretary of State moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The Secretary argued, *inter alia*, that she enjoys sovereign immunity from suit because she has no connection to the enforcement of the allegedly unlawful registration requirement. *See Ex parte Young*, 209 U.S. 123, 157 (1908). The district court denied her motion.

The Secretary noticed an interlocutory appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985). Plaintiffs moved our court for summary affirmance or dismissal of the Secretary's appeal as frivolous.

The appeal is far from frivolous. It presents an important question that has not been resolved by our court: whether and to what extent *Ex parte Young*'s exception to sovereign immunity permits plaintiffs to sue the Secretary in an as-applied challenge to a law enforced by local officials. We did not resolve that question in *OCA-Greater Hous. v. Texas*, 867 F.3d 604 (5th Cir. 2017). That case involved a *facial* challenge under the Voting Rights Act. *See id.* at 613; *see also id.* at 614 (holding "[s]overeign immunity has no role to play here" because the Voting Rights Act validly abrogated it). Nor did we resolve it in *Tex. Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020). To the contrary, that case recognized that "[t]he precise scope of [*Ex parte Young*'s] 'some connection' requirement is still unsettled." *Id.* at 400; *see also id.* at 400 n.21 ("Our decisions are not a model of clarity on what 'constitutes a sufficient connection to enforcement.'" (quoting *City of Austin v. Paxton*, 943 F.3d 993, 999 (5th Cir. 2019))).

Plaintiffs also rely on our decision last week in *Lewis v. Hughs*, 20-50654 (Sept. 4, 2020). In that related case, we granted the plaintiffs' motion for summary affirmance of the Secretary's interlocutory appeal. But *Lewis* is now pending before our court for *en banc* reconsideration. We refuse to prejudge the outcome of that reconsideration. The openness of the question alone is sufficient reason to deny plaintiffs' requested relief.

The motion for summary affirmance is DENIED.

The motion to dismiss the Secretary's appeal as frivolous is DENIED.

Judge Higginbotham would grant the motion for summary affirmance.